**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUNCHUAN CHOU, | No. 14-71578 |
| Petitioner, | Agency No. A087-700-346 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Yunchuan Chou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, and we review de novo legal questions. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Chou's argument that the IJ discredited facts in his asylum application because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Chou claims past persecution and a well-founded fear of future persecution based on his participation in a Christian house church. Substantial evidence supports the agency's finding that Chou failed to establish that he suffered harm that rose to the level of persecution. *See Gu v. Gonzalez*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (record did not compel the conclusion that petitioner's three-day detention, interrogation, and beating with a rod rose to the level of persecution). We reject Chou's contention that the agency did not consider the economic harm he suffered. Substantial evidence also supports the agency's determination that Chou failed to establish a well-founded fear of future persecution. *See id.* at 1022; *see also Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a

State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). We reject Chou's contention that the BIA failed to address his arguments on appeal. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, we deny Chou's petition as to his asylum claim.

Because Chou failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**